# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 19-236 (ADM/BRT) |
| Plaintiff, | |
| v. | |
| Shannon Michael White, | **ORDER** |
| Defendant. | |

Benjamin Bejar, Esq., United States Attorney's Office, counsel for Plaintiff.

Douglas L. Micko, Esq., Federal Defender, counsel for Defendant.

This action came on for hearing before the Court on November 1, 2019, at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101. Defendant Shannon Michael White presented various pretrial motions. Based on the file and documents contained herein, along with the memoranda and arguments of counsel, the Court makes the following Order:

    **1.** **Defendant's Pretrial Motion for Disclosure of 404 Evidence.** Defendant moves for immediate disclosure of any "bad act" or "similar course of conduct" evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404. The Government represents that it will fully comply with Rule 404, however objects to immediate disclosure. Defendant's Motion for Disclosure of 404 Evidence **(Doc. No. 15)** is **GRANTED** to the extent that the Government must disclose Rule 404 evidence no later than **two weeks** prior to trial.

2. **Defendant's Motion for Early Disclosure of Jencks Act Material.**

Defendant moves for an order requiring the Government's early compliance with the Jencks Act, 18 U.S.C. § 3500, specifically requesting disclosure of Jencks Act material at least two weeks before trial. The Government objects to this motion on the grounds that this Circuit has repeatedly held that the government may not be required to make pretrial disclosure of Jencks material. *United States v. Sturdivant*, 513 F.3d 795, 803 (8th Cir. 2008); *see also United States v. White*, 750 F.2d 726, 728–29 (8th Cir. 1984). Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Early Disclosure of Jencks Material (**Doc. No. 16**) is **DENIED**. The Government, however, has agreed to turn over all Jencks Act materials in its possession no later than **three days** prior to trial.

3. **Defendant's Motion for Government's Agents to Retain Rough Notes.**

Defendant moves for an order requiring law enforcement agents, including any confidential reliable informants, to retain and preserve all rough notes taken as part of their investigation into this case. The Government does not object to the motion and represents that it has instructed its agents to retain their rough notes until this case is concluded. Defendant's Motion for Government's Agents to Retain Rough Notes (**Doc. No. 17**) is **GRANTED**. However, disclosure of rough notes is not required by this Order.

**4. Defendant's Motion for Disclosure of Expert Witness Testimony.**
Defendant seeks an order requiring the Government to disclose a written summary of any expert testimony the Government intends to use at trial. The Government represents that it is fully aware of its obligations under the Rules and that it intends to comply with them. Defendant's Motion for Disclosure of Expert Witness Testimony **(Doc. No. 18)** is **GRANTED IN PART** to the extent that it conforms to the scope of Rule 16. The Government shall make its Rule 16 disclosures no later than **two weeks** prior to trial.

**5. Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant.** Defendant moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, for an order compelling the Government to disclose all evidence favorable to him. The Government states that it will comply fully with its obligations under *Brady* and *Giglio*, but objects to disclosure outside the obligations under *Brady*, *Giglio*, the Jencks Act, and Rule 16. Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant **(Doc. No. 19)** is **GRANTED** to the extent required by *Brady* and *Giglio*. To the extent that the motion seeks early disclosure of Jencks Act material, the motion is **DENIED**. The Government, however, has agreed to turn over all Jencks Act materials in its possession no later than **three days** prior to trial.

**6. Defendant's Motion for Discovery and Inspection.** Defendant requests an order requiring the Government to produce all Rule 16 materials, all statements made by Defendant that are within the Government's possession, the substance of any oral statement that the Government intends to offer at trial made by Defendant, as well as a

3

copy of Defendant's prior criminal record. Defendant also requests permission to inspect all material evidence and all reports of examinations and scientific tests within the Government's possession. The Government represents that it has complied with all of its discovery obligations under the Rules and that it will continue to comply. Defendant's Motion for Discovery and Inspection **(Doc. No. 20)** is **GRANTED** to the extent that it conforms to Fed. R. Crim. P. 12, 16, and 26.2 and is not already moot.

7. **Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure.** Defendant seeks an order suppressing any physical evidence obtained as a result of a search and seizure. Specifically, Defendant alleges that on July 17, 2019, officers searched and seized evidence from Defendant's backpacks (or duffel bags) without a warrant, probable cause, or exigent circumstances. (Doc. No. 21, Def.'s Mot. to Suppress.) The Government opposes this motion, arguing that the search and seizure of evidence from Defendant's bags was justified incident to Defendant's lawful arrest on a public street pursuant to an arrest warrant. (Doc. No. 24, Government's Omnibus Resp. 5.) The Court requests post-hearing briefing on the issue. Defendant shall file his post-hearing brief no later than **December 2, 2019**, and the Government shall file its response by **December 16, 2019**. The Court will take Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure **(Doc. No. 21)** under advisement on **December 16, 2019** and issue a **Report and Recommendation** to the District Court.

8. The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by U.S. District Judge Ann D. Montgomery.

Date: November 4, 2019

                                               *s/ Becky R. Thorson*
                                               BECKY R. THORSON
                                               United States Magistrate Judge